UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORRINE STEWART,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>  Defendant. | NO.  C12-99-JLR-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Dorrine Stewart appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.   FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a 47-year old woman with the equivalent of a high school education. Administrative Record ("AR") at 46, 247. She also testified that she has earned two Associate of Arts degrees. AR at 46. Her past work

REPORT AND RECOMMENDATION - 1

experience includes employment as a program supervisor, case manager, and life skills specialist at a disabled group home, and as a housekeeper for a retirement community. AR at 195.

On June 8, 2009, plaintiff protectively filed a claim for SSI payments and an application for DIB, alleging an onset date of January 1, 2006. AR at 163-67. At the administrative hearing, however, she amended her alleged onset date to August 21, 2006. AR at 39. Plaintiff asserts that she is disabled due to a chronically infected pilonidal cyst, sciatic nerve problems, back pain stemming from lumbar spine degenerative problems, digestive problems including chronic diarrhea, as well as depression, PTSD, and difficulty with memory and concentration. AR at 208.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 95-101, 106-16. Plaintiff requested a hearing which took place on June 6, 2011. AR at 37. On August 26, 2011, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 9. The Appeals Council denied plaintiff's request for review, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On January 17, 2012, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Stewart bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in

REPORT AND RECOMMENDATION - 3

any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d),

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On August 26, 2011, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged onset date.

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease; recurrent pilonidal cyst; pain disorder; personality disorder; and substance induced mood disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform

sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the following limitations.  She can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday.  She should never climb ladders, ropes or scaffolds but she can occasionally crouch and stoop.  She must avoid concentrated exposure to vibration.  As to mental residual functional capacity, the claimant is able to perform work involving superficial contact with the public and co-workers in a stable work environment with unchanging duties.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1963 and was 42 years old, which is defined as a younger individual age 45-49, on the alleged onset date.[2]

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2006, through the date of this decision.

AR at 14-26.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in evaluating the opinions of treating physicians Edward Reisman, M.D., and Kacie Gallo, M.D.?

2. Did the ALJ err in evaluating the other source opinions of Karen Bichler, ARNP, and Rebecca Welch, ARNP?

Dkt. 11 at 1.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

VII. DISCUSSION

A. The ALJ Erred In Evaluating the Medical Opinion Evidence

*1. Standards for Reviewing Medical Evidence*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining

REPORT AND RECOMMENDATION - 7

physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2.[3] Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

        2.    *Edward Reisman, M.D., and Kacie Gallo, M.D.*

Dr. Reisman treated the plaintiff from her alleged onset date in August 2006 through May 2008. In July 2007, December 2007, and February 2008, Dr. Reisman completed physical evaluation forms indicating that plaintiff's pilonidal cyst and left leg radiculopathy affected her ability to sit. AR at 838, 843, 847. Specifically, he opined that she was limited to sedentary work, and that her ability to sit, bend, climb, crouch, or kneel are "limited to infrequent use due to pilonidal cyst and/or radiculopathy." AR at 838, 843, 847. On all three forms, he assessed the severity of plaintiff's impairments as moderate, defined as "significant interference with the ability to perform one or more basic work-related functions." The forms

---

[3] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

REPORT AND RECOMMENDATION - 8

also defined "sedentary work" as the ability to lift ten pounds maximum and frequently lift and/or carry such articles as files or small tools, and work that "may require sitting, walking and standing for brief periods." AR at 838, 843, 847. Finally, he estimated that plaintiff's overall limitations on work activities would continue without medical treatment for six months. AR at 839, 848.

Plaintiff began treatment at the Seattle Indian Health Board, where Dr. Gallo works, in April 2009. AR at 567-80. In May 2009, Dr. Gallo evaluated plaintiff, and noted that her low back pain with left sided sciatica felt worse when she was sitting, stooping, or reaching, but better when the plaintiff was walking. AR at 563. Although she assessed plaintiff's overall work level as sedentary, she found that plaintiff's "low back pain with left sciatica" would cause moderate to marked limitations in plaintiff's ability to sit, stand, lift, handle, or carry. AR at 565. "Marked limitations" was defined as "very significant" interference with plaintiff's ability to perform these basic work-related activities. AR at 565. Finally, Dr. Gallo estimated that plaintiff's overall limitations to work activities would continue without medical treatment for four months. AR at 566.

In her written decision, the ALJ only addressed these medical opinions as follows:

> The medical record also includes physical capacity evaluations completed by several treating care providers indicating that the claimant is capable or working at the sedentary or limited sedentary level. (Ex. 12F/15-127; 31F/1-4; 41F/5-17; 45F/5-6). Although these assessments are somewhat more restrictive overall than the residual functional capacity assessment set forth in this decision (e.g. additional postural restrictions) they are given weight to the extent that they support finding that the claimant is capable of performing limited sedentary work activity and that he [sic] is not completed disabled, as set forth in this decision.

AR at 22. Although the ALJ cited to Dr. Reisman's opinion in this paragraph when she cited to Exhibit 41F/5-17, she did not even cite to Dr. Gallo's opinion.

REPORT AND RECOMMENDATION - 9

        Plaintiff contends that it was legal error for the ALJ to fail to discuss the medical opinions of treating physicians Dr. Riesman and Dr. Gallo in her written decision. Dkt. 11 at 12. Specifically, plaintiff points out that if the ALJ's RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *Id*. at 11 (citing SSR 96-8p). Moreover, the Ninth Circuit has held that where an ALJ does not adopt the opinion of a treating or examining physician, the ALJ must provide specific and legitimate reasons for rejecting that opinion. *Id*. (citing *Lester*, 81 F.3d at 830-31). Plaintiff contends that the ALJ's RFC assessment in this case, which provides that plaintiff is capable of "sit[ting] for 6 hours in an 8-hour workday," conflicted with Drs. Reisman's and Gallo's opinions regarding plaintiff's limited ability to sit for a prolonged period of time. *See id*. at 12. Specifically, plaintiff asserts that Dr. Reisman's conclusion that plaintiff could perform only "infrequent" sitting was contrary to the ALJ's conclusion that plaintiff lacked any significant limitations in her ability to sit. *See id.* Although Dr. Reisman's evaluation forms provide that plaintiff can perform "sedentary work," plaintiff points out that the term "sedentary" is defined on the form as potentially requiring "sitting, walking, and standing for brief periods." *Id*. (citing AR at 839). Similarly, plaintiff contends that although Dr. Gallo opined that plaintiff could perform sedentary work, she also indicated that plaintiff would have "moderate to marked" restrictions in her ability to sit. *Id.* (citing AR at 565). Because these treating physicians' opinions are not consistent with the ALJ's findings, plaintiff argues that the ALJ was required to provide specific and legitimate reasons to reject their opinions. *Id*. at 13.

        The Commissioner appears to concede that the ALJ failed to address the opinions of Drs. Reisman and Gallo in her written decision, but argues that the ALJ was not required to discuss these opinions because they were "not significant or probative." Dkt. 12 at 7 (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). Specifically, the

REPORT AND RECOMMENDATION - 10

Commissioner argues that in order to be disabling, an impairment must result in death or prevent a claimant from engaging in substantial gainful activity for twelve months. *Id.* (citing 42 U.S.C §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3); 20 C.F.R. §§ 404.1509, 416.909, 404.1511, 416.911). The Commissioner contends that "the opinions of Drs. Reisman and Gallo . . . were incapable of supporting a finding of disability or any greater functional limitations than the ALJ assessed because these sources opined that Plaintiff's functional limitations would persist for 6 months at most, only if Plaintiff were to receive no medical treatment." *Id.*

Plaintiff replies that the Commissioner "tacitly admits that the ALJ failed to discuss any of this evidence," and that Drs. Reisman and Gallo "opined that Plaintiff had limitations in her ability to sit." Dkt. 13 at 2 (citing Dkt. 12 at 5-8). Plaintiff further argues that the Court should not affirm the ALJ's decision based on the Commissioner's post hoc rationale that the opinions of these physicians do not prove that plaintiff was limited for a period of twelve months and therefore cannot support a finding of disability, "because this court must evaluate the Commissioner's decision 'only on the grounds articulated by the agency.'" *Id*. at 3 (citing *Bray v. SSA*, 554 F.3d 1219 (9th Cir. 2009)). *See also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). Moreover, plaintiff asserts that when the doctors' opinions are considered in combination, they demonstrate that plaintiff's impairments and her resulting limitations persisted from her alleged onset date through the date of the hearing, which total more than twelve months. Dkt. 13 at 4-6. Thus, plaintiff asserts that these medical opinions do constitute significant and probative evidence the ALJ was required to address. *See id*. at 6.

The Court agrees with the plaintiff that the opinions of treating physicians Drs. Reisman and Gallo constitute "significant and probative evidence" which the ALJ could not

REPORT AND RECOMMENDATION - 11

dismiss without comment. It is true that the Ninth Circuit held in *Howard*, the case cited by the Commissioner, that "in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard*, 341 F.3d at 1012. The evidence ignored by the ALJ in *Howard*, however, apparently involved cumulative evidence in the form of a medical review that was directly based upon a previous neurological report, which the ALJ had expressly discussed. *See id*. Under those circumstances, the Ninth Circuit concluded that the medical review was not significant or probative evidence. *See id.*

The Commissioner does not contend that the opinions of Drs. Reisman and Gallo constituted cumulative evidence, like the medical review at issue in *Howard*. To the contrary, these treating physicians opined that plaintiff's "pilonidal cyst and/or radiculopathy" may cause "very significant" interference with plaintiff's ability to sit, and that she should be limited to "infrequent" sitting. AR at 565, 838, 843, 847. Thus, their opinions directly conflicted with the ALJ's finding that plaintiff could sit for six hours out of an eight hour workday, and therefore constituted significant and probative evidence the ALJ could not reject without "specific and legitimate reasons" for doing so. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (providing that an ALJ has failed to provide specific and legitimate reasons for rejecting a treating physician's opinion, even when the opinion is contradicted by another doctor, "when the ALJ completely ignores or neglects to mention a treating physician's medical opinion that is relevant to the medical evidence being discussed . . . Such cases should be remanded to the Agency for proper consideration of the evidence."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) ("The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record.").

REPORT AND RECOMMENDATION - 12

Finally, the Court declines the Commissioner's invitation to affirm the ALJ based upon reasons that were not articulated in the ALJ's written decision. *See Connett*, 340 F.3d at 874. It is therefore unnecessary to resolve the parties' dispute regarding whether the opinions of Drs. Reisman and Gall establish that plaintiff's functioning limitations could persist for at least twelve months.

Because the ALJ erred in evaluating the medical opinion evidence, this case must be remanded for further administrative proceedings. On remand, the ALJ should reevaluate the medical evidence in the record, and expressly discuss the opinions of Drs. Reisman and Gallo concerning plaintiff's ability to sit for prolonged periods of time.

    B.    <u>The ALJ Erred in Evaluating the "Other Source" Testimony</u>

        1.    *Legal Standard*

In order to determine whether a claimant is disabled, an ALJ may consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his or her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). This is particularly true for such non-medical sources as nurses and medical assistants. *See* SSR 06-03p (noting that because such persons "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists," their opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

2. *Karen Bichler, ARNP, and Rebecca Welch, ARNP*

Karen Bichler, ARNP, examined plaintiff once in December 2008. AR at 927-28. She opined that plaintiff's lumbosacral disc disease with radiculopathy affected her ability to sit. AR at 927-28. Similarly, Rebecca Welch, ARNP, opined in September 2009 that plaintiff's low back pain with sciatica caused moderate to marked limitations in her ability to sit, stand, walk, lift, handle and carry, and that she was limited to sedentary work. AR at 746. In March 2010, ARNP Welch completed a second physical evaluation form indicating that plaintiff was severely limited, meaning that she was unable to perform even sedentary work. AR at 832-35. Finally, in February 2011, ARNP Welch completed a third form indicating that plaintiff was able to sit less than one hour in an eight hour day due to complications from her fifth pilonidal cystectomy. AR at 923-24.

Plaintiff argues that the lay witness testimony of ARNP Bichler and ARNP Welch confirms the severity of plaintiff's impairments. Dkt. 11 at 14-15. In addition, plaintiff contends that the ALJ erred by summarily rejecting these nurse practitioners' opinions without providing specific or germane reasons. Specifically, the ALJ simply cited to ARNP Welch's opinions in the same paragraph that the ALJ cited to Dr. Reisman's opinion, without providing any further analysis. *See id.* (citing AR at 22).

The Commissioner repeats his argument that the opinions of ARNP Bichler and ARNP Welch did not constitute "significant or probative" evidence. Dkt. 12 at 7. In addition, the Commissioner asserts that to the extent that the ALJ erred by failing to discuss these opinions, the ALJ's error was harmless. *See id.* at 7-8.

The Commissioner is mistaken. As mentioned above, the ALJ cannot simply disregard "other source" testimony without comment, and this is particular true for nurse practitioners. *See* SSR 06-03p. The ALJ did not provide germane reasons for rejecting the opinions of

REPORT AND RECOMMENDATION - 14

ARNP Welch or ARNP Bichler. As discussed above, these opinions contradict the ALJ's finding that plaintiff is capable of sitting for six hours in an eight-hour workday. On remand, the ALJ shall reconsider the opinions of ARNP Welch and ARNP Bichler, and explicitly address the weight assigned to their opinions regarding plaintiff's ability to sit for a prolonged period of time.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of August, 2012.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge